# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON BEN NORTHROP, | ) | |
| Petitioner, | ) | Civil Action No. 09-155 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge Sean J. McLaughlin |
| FRANCISO J. QUINTANA | ) | Magistrate Judge Susan Paradise Baxter |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed with prejudice for lack of subject matter jurisdiction and for abuse of the writ.

### II.  REPORT

Petitioner, Aaron Ben Northrop, is a federal prisoner presently incarcerated at the Federal Correctional Institution at McKean ("FCI McKean") in Bradford, Pennsylvania, which is located within the Western District of Pennsylvania. He has filed a petition for writ of habeas corpus in which he raises numerous claims challenging the judgment of sentence imposed on him by the United States District Court for the District of Connecticut on October 25, 1993.[1]  Specifically,

---

[1]  Petitioner claims that he is invoking this Court's habeas jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a), while Respondents assume he is attempting to rely upon 28 U.S.C. § 2241. The All Writs Act is an act that "is a residual source of authority to issue writs that are not otherwise covered by statute." Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam) (quoting Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985)).  If a "statute specifically addresses the particular issue at hand," which 28 U.S.C. § 2255 does here, "it is that authority, and not the All Writs Act, that is controlling." Id.  As set forth below, given that Congress has provided under 28 U.S.C. § 2255 a specific vehicle of relief for Petitioner to challenge his judgment of sentence, he may not do so under either 28 U.S.C. § 1651(a) or 28 U.S.C. § 2241.

1

Petitioner alleges that: (1) he "is being detained in direct violation of Article III, Section 2, Clause 3 of the United States Constitution which mandates that 'the trial of all crimes … shall be by jury"; (2) his detention violates his Due Process rights along with his Fifth and Sixth Amendment rights because his guilty plea was involuntary; and, (3) he had ineffective assistance of counsel during his criminal proceedings. [ECF No. 4, Petition at pp. 24-32].

Petitioner is not entitled to pursue his claims in a habeas corpus proceeding because where, as here, the challenge is to the validity of a conviction and sentence, such claims must be brought in a motion pursuant to 28 U.S.C. § 2255 and filed with the district court that conducted his trial and imposed his sentence. Nor can Petitioner demonstrate that his remedy under § 2255 is inadequate or ineffective. Accordingly, the petition must be dismissed with prejudice for lack of subject matter jurisdiction.

### A. Relevant Factual and Procedural History

On March 11, 1993, after three days of trial in which the Government presented twenty-five witnesses and offered approximately 280 pounds of marijuana into evidence, Petitioner entered a plea of guilty in the United States District Court for the District of Connecticut to conspiracy to distribute marijuana and cocaine, in violation of 21 U.S.C. § 846; engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848; making and possessing a bomb, in violation of 26 U.S.C. §§ 5861(c), (f); and using interstate commerce facilities in the commission of a murder-for-hire, in violation of 18 U.S.C. § 1958. On October 25, 1993, the district court sentenced Petitioner to 600 months' incarceration on the continuing criminal enterprise count; 120 months' incarceration on each of the other counts, to run concurrently with the 600 month sentence; three years of supervised release; and a special assessment of $250. On

direct appeal, the United States Court of Appeals for the Second Circuit affirmed the judgment of sentence. United States v. Northrop, 40 F.3d 1238 (2d Cir. 1994).

Petitioner has filed at least four unsuccessful motions to vacate his judgment of sentence pursuant to 28 U.S.C. § 2255:

- On April 15, 1997, he filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Connecticut, claiming that (1) the court lacks jurisdiction over him; (2) his guilty plea was involuntarily induced; (3) he received ineffective assistance of counsel; (4) his conviction violated the Double Jeopardy Clause of the Fifth Amendment; (5) his grand and petit juries were unconstitutionally selected and impaneled; (6) the Sentencing Guidelines are unconstitutional; (7) 26 U.S.C. § 5861 is unconstitutional under the Commerce Clause; and, (8) his sentence was improperly imposed because, *inter alia*, he did not read the pre-sentence report or discuss it with counsel, and because the court relied on false information. Northrop v. United States, No. 3:97-cv-712, 1998 WL 27120, at *1-2 (D. Conn. Jan. 14, 1998). On January 14, 1998, the motion was denied on the merits and the court denied a certificate of appealability. Id. at *6.

- On August 10, 1999, Petitioner filed another Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Connecticut, claiming that "the court lacked jurisdiction to impose sentence because a jury did not convict him as required by Article III of the United States Constitution." Northrop v. United States, No. 3:99-cv-1571, 2000 WL 631396, at *1 (D. Conn., Mar. 10, 2000). [See also ECF No. 3-1 at pp. 13-17, Ex. 3, Docket

3

for 3:92-cr-00032 (D.Conn.)]. The district court construed this motion as a second or successive § 2255 motion and, on March 10, 2000, transferred the case to the Second Circuit Court of Appeals. Northrop, No. 3:99-cv-1571, 2000 WL 631396, at *2. On June 1, 2001, the Second Circuit Court of Appeals issued a mandate denying permission for Petitioner to file a second or successive § 2255 motion. [ECF No. 9-1 at pp. 15-16, Ex. 3].

- On February 11, 2008, Petitioner filed another Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Connecticut claiming that the Government breached the plea agreement by interfering with his right to pay the balance due on the account in money rather than services. [ECF No. 9-1 at pp. 34-35, Ex. 6, Docket for 08-cv-226 (D.Conn.); ECF No. 9-2 at pp. 2-41, Ex. 7, § 2255 Motion]. On March 12, 2008, the district court transferred the case to the Second Circuit Court of Appeals as it was a successive § 2255 motion. [ECF No. 9-1 at pp. 34-35, Ex. 6; ECF No. 9-3 at pp. 2-8, Ex. 8]. On January 20, 2009, the Court of Appeals denied authorization for Petitioner to file a successive § 2255 motion. [ECF No. 9-3 at p. 12, Ex. 9, Docket for 08-1413 (2d Cir.)].

- On July 10, 2008, Petitioner filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Connecticut, claiming that his judgment was obtained by fraud and should therefore be vacated. [ECF No. 9-3 at pp. 14-24, Ex. 10]. On February 4, 2009, the

4

district court transferred the case to the Second Circuit Court of Appeals because it was a successive § 2255 motion. Petitioner appealed the transfer but, on March 5, 2009, the Second Circuit Court of Appeals dismissed the appeal because Petitioner had not been granted a certificate of appealability. Petitioner subsequently filed a Motion for Certificate of Appealability or in the alternative, a Motion to Correct or Amend the Docket, which the district court denied on March 20, 2009. See Northrop v. United States, No. 3:08-cv-1081, 2009 WL 750344 at *1 (D. Conn. Mar. 20, 2009). On May 18, 2009, the Second Circuit Court of Appeals denied authorization for Petitioner to file a successive § 2255 motion. [ECF No. 9-3 at pp. 26-27, Ex. 11].

Petitioner also has made numerous attempts to get relief from his judgment of sentence through a writ of habeas corpus. At least four of those petitions have been dismissed because he was bringing claims that must be made pursuant to 28 U.S.C. § 2255 and filed with the United States District Court of Connecticut:

- On November 29, 2000, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Central District of California, in which he challenged the legality of his 1993 conviction and sentence, and his consequent incarceration. Specifically, Petitioner claimed that (1) his criminal prosecution was actually a "qui tam action" against him for nonpayment of taxes and that each charge in the indictment did not constitute a federal crime absent a failure to pay taxes prior to engaging in the specified criminal acts; (2) his guilty plea was involuntary because the indictment did not explain that he was pleading guilty to tax offenses; and (3) that his counsel was ineffective. On January 22, 2001, the petition was dismissed without prejudice on the grounds that

- Petitioner's remedy, if any, was a motion for relief under § 2255, and because he had not met his burden of establishing that the remedy provided by § 2255 was inadequate or ineffective and therefore he could not raise his claims pursuant to § 2241. [ECF No. 9-4 at pp. 13-15, Ex. 15].

- On January 5, 2001, while the petition described in the above paragraph was still pending, Petitioner filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the same court (the United States District Court for the Central District of California), in which he again challenged his 1993 conviction and sentence. Specifically, he claimed that he received ineffective assistance of counsel because his counsel failed to file a notice of appeal with respect to his sentence, which he asserted was "imposed in violation of the law or [based upon] an incorrect application of the sentencing Guidelines." Petitioner alleged that the Supreme Court, through its decision in Roe v. Flores-Ortega, 528 U.S. 470 (2000), established a "new rule [of law] … applied retroactively" which entitled him to § 2241 habeas relief. This second petition was dismissed without prejudice by Judgment entered February 22, 2001, on the same grounds as the first § 2241 petition. [ECF No. 9-4 at p. 15, Ex. 15].

- On June 14, 2001, Petitioner filed another petition for writ of habeas corpus in the same court (the United States District Court for the Central District of California), and again sought to attack his 1993 conviction and sentence. Specifically, Petitioner claimed that Count 3 of his indictment (engaging in a continuing criminal enterprise) was defective because the Supreme Court's 1999 decision in Richardson v. United States, 526 U.S. 813 (1999) effected a change in controlling law.

>Because his indictment was allegedly defective, Petitioner argued as follows: (1) the federal government lacked subject matter jurisdiction to prosecute him; (2) his guilty plea was not knowing or voluntary and his counsel provided ineffective assistance; (3) the sentencing court failed to find an adequate factual basis to support his guilt under Count 3 of the indictment; (4) because of the ineffective assistance of counsel (a) the defect in Count 3 should have been found prior to trial, at sentencing, and on direct appeal; (b) his counsel failed to adequately explain each element of the "continuous criminal enterprise" offense to him; and (c) his counsel caused him to plead guilty as a result of these failings; (5) he is "actually innocent" of Count 3 of the indictment; and (6) "the 'cause and prejudice requirement'" of Bousley v. United States, 523 U.S. 614 (1998) is unconstitutional because the "'Habeas Corpus act' does not impose any cause and prejudice requirement." This petition was denied and dismissed without prejudice on June 10, 2002 because it was not proper under § 2241 and should have been brought pursuant to § 2255. [ECF No. 9-4 at pp. 9-44, Ex. 15; ECF No. 9-5 at pp. 2-6, Ex. 16]. Petitioner appealed. On April 19, 2004, the Ninth Circuit Court of Appeals affirmed the decision of the district court. See Northrop v. Herrera, 95 F.App'x 252 (9th Cir. 2004).[2]

- On March 26, 2007, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of

---

[2] Petitioner also filed a Writ of Mandamus with the Court of Appeals for the Ninth Circuit, which was denied on November 9, 2001. [ECF No. 9-5 at pp. 9-10]. On March 1, 2002, he filed another Writ of Mandamus, which the Ninth Circuit Court of Appeals denied on April 11, 2002. [ECF No. 9-5 at pp. 13-16, Ex. 18].

7

Pennsylvania claiming that (1) his detention was the product of fraudulently obtained judgment and (2) the judgment has been satisfied and he is being detained beyond the date of satisfaction. The petition was dismissed on June 29, 2007, for lack of jurisdiction because he was raising claims that must be brought under § 2255 rather than § 2241. [See ECF No. 9-5 at pp. 19-21, Docket for 07-cv-574 (M.D. Pa.); ECF No. 9-6 at pp. 2-45, Ex. 20, Petition for Writ of Habeas Corpus; ECF No. 9-7 at pp. 2-20, Ex. 21, Report and Recommendation; ECF No. 9-7 at pp. 22-26, Ex. 22; Memorandum Order]. On July 30, 2007, Petitioner appealed to the United States Court of Appeals for the Third Circuit. On December 6, 2007, the Court of Appeals dismissed the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). Northrop v. Lindsay, 256 F.App'x 446 (3d. Cir. 2007), cert. denied 552 U.S. 1273 (2008).

### B. Discussion

#### 1. Claims Generally Cognizable In Federal Habeas Corpus Proceedings

28 U.S.C. § 2255 permits a federal prisoner to challenge his or her sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentences was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. Congress, by enacting 28 U.S.C. § 2255, provided a specific avenue by which a defendant could attack his or her federal conviction or sentence. See Massey, 581 F.3d at 174; Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam); Chambers v. Romine, 41 F.App'x. 525, 526 (3d Cir. 2002); Briggs v. Levi, 275 F.App'x 111, 112-13 (3d Cir. 2008) (per curiam); Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Brown v. Mendez, 167 F.Supp.2d 723, 726 (M.D.

Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction.") (quoting Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam)). In contrast, "matters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated." DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam) (citing Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974)). Such claims are properly brought in a petition for writ of habeas corpus under 28 U.S.C. § 2241. Cradle, 290 F.3d at 538-39; Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000). A habeas corpus petition "is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255." Myers v. Booker, No. 00-3232, 232 F.3d 902 (Table), 2000 WL 1595967, at *1 (10th Cir. Oct. 26, 2000).

Respondent correctly contends that this Court should dismiss the petition for want of subject matter jurisdiction because Petitioner is not challenging the fact or duration of his confinement or the execution of his sentence. Rather, Petitioner is challenging the validity of his conviction and sentence. Accordingly, the issues raised in the instant petition are not within the jurisdiction of this Court.

### 2. The Savings Clause of 28 U.S.C. § 2255

Petitioner asserts that he is entitled to pursue the instant habeas action in this Court because the remedy under 28 U.S.C. § 2255 is inadequate and/or ineffective. Section 2255(e) provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to § 2255], to the court which sentenced him, or that

9

> such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The italicized portion of the statutory language is commonly referred to as § 2255's "savings clause" or "safety valve."

Petitioner does not articulate any persuasive reason to support his contention that this case falls within § 2255's "savings clause" or "safety valve." Importantly, "[a] section 2255 motion is not 'inadequate or ineffective' merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255 [to file another post-conviction motion in the district court where he was convicted and sentenced], Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief[.]" David v. Grondolsky, 305 F.App'x 854, 855-56 (3d Cir. 2009) (per curiam) (citing Cradle, 290 F.3d at 539). See, e.g., Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the Fourth Circuit Court of Appeals denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."). "Rather, the 'safety valve' provided under section 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law." Grondolsky, 305 F.App'x at 856 (citing Okereke, 307 F.3d at 120, which cited In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). As Respondent correctly notes, it is the inefficacy of the remedy under § 2255, not the personal inability to use it, that is determinative, and a habeas corpus petition is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255. Cradle, 290 F.3d at 538-39.

Here, Petitioner's situation is not the rare one rendering § 2255 inadequate or ineffective. Therefore, this Court does not have jurisdiction to consider the claims he raises in the instant action and his petition must be dismissed.

### 3. Abuse Of the Writ

Finally, the instant petition constitutes an abuse of the writ, as this case is just the most recent in a long line of habeas actions that Petitioner has filed in which he improperly seeks relief from his judgment of sentence. Thus, even if this Court did have subject matter jurisdiction (which it does not), the petition would be subject to dismissal under the abuse of the writ doctrine, described by the Supreme Court in McCleskey v. Zant, 499 U.S. 467, 491-92 (1991). See also Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005); Zayas v. Immigration & Naturalization Serv., 311 F.3d 247 (3d Cir. 2002).

### D. Certificate of Appealability

Section 102 of AEDPA (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

### **III. CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed with prejudice. Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 29, 2010

cc: The Honorable Sean J. McLaughlin